UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIMMIE T. GRANT, JR.,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN OF BURLINGTON COUNTY DETENTION CENTER, et. al.,<br><br>  Respondents. | Civil Action No. 19-15493 (RBK)<br><br>**OPINION AND ORDER** |

Before the Court is Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 ("Petition"). The Petition, on its face, reveals that Petitioner has not exhausted his state court remedies prior to filing this matter.

According to Petitioner, on May 30, 2019, he pleaded guilty to operating a vehicle under the influence of alcohol or drugs and other related charges. Petitioner also stated, under penalty of perjury, that he did not appeal, did not seek further review by a higher state court, and did not file any other petitions, applications, or motions concerning this judgment of conviction in any state court. (ECF No. 7, at 3–5). Instead, he filed his initial § 2254 petition in this Court, in July of 2019. (ECF No. 1).

A petitioner seeking to challenge a state court conviction, however, must "exhaust all of his state court remedies before filing a [federal] habeas petition . . ., and the petitioner bears the burden of establishing that he has met this requirement." *Rapeika v. Adm'r N. State Prison*, No. 20-5358, 2020 WL 2092790, at *1–2 (D.N.J. May 1, 2020) (citing *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001)).

Indeed, under 28 U.S.C. § 2254(b)(1), federal courts may not grant habeas relief unless a petitioner has "exhausted the remedies available in the courts of the State, there is an absence of

process in the state courts, or there are circumstances which render the state process ineffective." *Id.* (internal quotation marks omitted); *see also Henderson v. Frank*, 155 F. 3d 159, 164 (3d Cir. 1998). "Where any available procedure remains for the [petitioner] to raise the question" in state court, the petitioner has not exhausted his available remedies. *Rapeika*, 2020 WL 2092790, at *1–2 (quoting *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011)).

Exhaustion requires a petitioner challenging a New Jersey conviction to have fairly presented each federal ground raised in the petition to each level of the New Jersey courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Unexhausted petitions are subject to dismissal. *Rhines v. Weber*, 544 U.S. 269 (2005).

Here, Petitioner admits that he has failed to challenge his conviction in the state courts of New Jersey by appeal or petition for post-conviction relief. Accordingly, this Court will order Petitioner to show cause, as to why the Court should not dismiss the Petition for Petitioner's failure to exhaust his state remedies. If the Court does not receive a response, the Court may dismiss this matter.

THEREFORE, it is on this   1st   day of June 2020,

**ORDERED** that Petitioner shall show cause within twenty-one (21) days as to why the Court should not dismiss this matter for Petitioner's failure to exhaust his state remedies; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Petitioner by regular U.S. mail.

                                                          s/Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge